(C. D. 521)

S. HANDAL & SONS, INC., *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 30, 1941)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*J. Bradley Colburn* and *Samuel M. Richardson* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before TILSON, KINCHFLOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an action brought by the plaintiff against the action of the collector of customs at the port of New York in assessing certain increased duties on cotton handkerchiefs by virtue of the Presidential proclamation set forth in T. D. 48337.

Upon the trial of this case at New York on April 10, 1940, it was requested, and consented to, that the appearance of Barnes, Richardson & Colburn be noted as associate counsel for the plaintiff, at which time the protest was limited to the items of cotton handkerchiefs wherever they appear on the invoices covered by the two entries in question.

Paragraph 918 of the Tariff Act of 1930 provides for handkerchiefs, as follows:

PAR. 918. Handkerchiefs * * * wholly or in chief value of cotton, finished or unfinished, not hemmed, shall be subject to duty as cloth; hemmed or hemstitched, 10 per centum ad valorem, in addition.

The said handkerchiefs were therefore not only classified for duty as cotton cloth under the provisions of paragraph 904 of said act of 1930, according to condition and average yarn number, but were assessed with duty at the increased basic rate or rates thereon under said Presidential proclamation, plus 10 per centum additional duty under said paragraph 918, as hemmed.

The plaintiff claims in effect that the Presidential proclamation contained in said T. D. 48337 can have no application to cotton handkerchiefs, because it was not the subject of that proclamation, and because no notice was given to manufacturers of handkerchiefs by the Tariff Commission when it was about to hold hearings under section 336 of the Tariff Act of 1930.

The question before us is therefore one of law as to whether or not the notice of investigation by the Tariff Commission given pursuant to section 336 of said Tariff Act of 1930, and the proclamation of the President increasing the rate or rates of duty on certain cotton cloth under paragraph 904, could include cotton handkerchiefs.

Section 336 of the Tariff Act of 1930, which is the so-called flexible tariff provision, provides that upon a resolution of either or both Houses of Congress, or under other circumstances not here applicable, the Tariff Commission shall investigate the differences in the cost of production of any domestic article and of any like or similar foreign article. It further provides that the said Commission shall hold hearings and give reasonable public notice thereof, and shall offer reasonable opportunity for parties interested to be present to produce evidence, and to be heard at such hearings. It further provides that the Commission, after said hearings, shall report to the President the

results of its investigation, and that the President may then by proclamation approve changes in rates of duty upon the merchandise covered by such investigation.

Senate Resolution 104, 74th Congress, First Session, as reported in Congressional Record, volume 79, part 5, at page 4680, provided as follows:

*Resolved*, That the United States Tariff Commission is directed, under the authority conferred by section 336 of the Tariff Act of 1930, and for the purposes of that section, to investigate the differences in the costs of production of the following domestic article and of any like or similar foreign articles: Cotton manufactures, included in paragraphs 903 and 904 of such act.

Pursuant to said resolution, the United States Tariff Commission gave notice of an investigation and hearings, which said notice was published in the weekly TREASURY DECISIONS, and which reads in part as follows (exhibit 1):

The United States Tariff Commission on this 2d day of April, 1935, under and by virtue of the powers granted by law and pursuant to the rules and regulations of the Commission, and in accordance with Senate Resolution 104, 74th Congress, and Section 336 (a), (2), of Title III of the Tariff Act of 1930, hereby orders an investigation, for the purposes of said Section 336, of the differences in costs of production of, and of all other facts and conditions enumerated in said section with respect to, the following article described in paragraphs 903 and 904 of Title I of said Tariff Act, namely, cotton cloth being wholly or in part the growth or product of the United States, and of and with respect to like or similar articles wholly or in part the growth or product of competing foreign countries.

Thereafter the said Tariff Commission in Report No. 112, which is marked in evidence herein as exhibit 2, reported to the President of the United States, under date of April 17, 1936, the result of its findings, and thereafter the President, by virtue of the authority vested in him by said section 336 of the Tariff Act of 1930, promulgated the following proclamation under date of May 21, 1936, published as T. D. 48337, which in part reads as follows:

Now, therefore, I, Franklin D. Roosevelt, President of the United States of America, under and by virtue of the authority vested in me by sec. 336 (c), Title III, Part II, of the said Act do hereby approve and proclaim increases in the rates of duty expressly fixed in Paragraph 904 (b) of Title I of the said Act on cotton cloth, bleached, containing yarns the average number of which exceeds number 30 but does not exceed number 50, from 13 per centum ad valorem and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem, to 18½ per centum ad valorem and, in addition thereto, for each number, one-half of 1 per centum ad valorem; and increases in the rates of duty expressly fixed in Paragraph 904 (c) of Title I of the said Act on cotton cloth, printed, dyed, or colored, containing yarns the average number of which exceeds number 30 but does not exceed number 50, from 16 per centum ad valorem and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem, to 22½ per centum ad valorem and, in addition thereto, for each number, one-half of 1 per centum ad valorem.

Upon these facts the plaintiff contends (1) that the notice of hearing set forth, *supra*, and the report to the President by the Tariff Commission (exhibit 2), does not comprehend cotton handkerchiefs such as are the subject of this suit, and (2) that the proclamation of the President, *supra*, does not in terms or by necessary implication cover cotton handkerchiefs.

The Government contends on its part that the notice of hearings by the Tariff Commission and the report of the Tariff Commission to the President and the proclamation of the President all contemplate cotton cloth dutiable under paragraph 904 of the Tariff Act of 1930, and that as cotton handkerchiefs have been made dutiable as cotton cloth they necessarily come within the said proclamation.

A case very analogous to the case at bar is that of *William A. Foster & Co., Inc.* v. *United States*, 26 C. C. P. A. 59, T. D. 49599. In that case the merchandise consisted of colored cast polished plate glass, unsilvered, which was classified for duty under paragraph 222 of the Tariff Act of 1922 at 22 cents per square foot as specified in a Presidential proclamation made pursuant to the flexible tariff provisions of section 315 (a) of that act, dated January 17, 1929, and reported as T. D. 43157, and, in addition thereto was assessed with a 5 per centum ad valorem rate of duty under the provisions of paragraph 224. In that case paragraph 222 of said act provided for cast polished plate glass at rates of duty according to the number of square feet contained therein, the prescribed rate for plate glass containing the number of square feet in the imported merchandise being 17½ cents per square foot.

Paragraph 224 of the same act provided that cast polished plate glass, colored, should be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

The Tariff Commission under the flexible tariff provisions of the act had held hearings and had reported to the President on the merchandise provided for in paragraph 222 of the tariff act, and the President, by virtue of such flexible provisions, had by proclamation increased the rate of duty for the prescribed area of glass there in question from 17½ cents per square foot to 22 cents per square foot. Therefore, in assessing duty, the collector charged 22 cents per square foot under paragraph 222, as amended by said Presidential proclamation, and, in addition thereto, 5 per centum ad valorem under said paragraph 224, as being colored.

The importer protested such assessment and claimed that the notice of the Tariff Commission, which stated that hearings would be held on merchandise provided for in said paragraph 222, and the Presidential proclamation which increased the rate of duty only on merchandise provided for in paragraph 222, did not specifically include

cast polished glass, colored, and that the said rate of duty was not applicable to such merchandise.

This court overruled the protest in T. D. 49232, and our appellate court affirmed such ruling.

Plaintiff in its reply brief denies that the *Foster* case, *supra*, has any application in the present instance, for the reason that the order of investigation of the Tariff Commission and the President's proclamation in that case in terms covered all cast polished plate glass, while in the present instance the notice of the Tariff Commission instituting the investigation under section 336 of the Tariff Act of 1930 (exhibit 1), and the report to the President and his proclamation thereon (exhibit 2) has reference only to cotton cloth, and did not specifically include cotton handkerchiefs, and that therefore importers, American manufacturers, and the general public interested in handkerchiefs were necessarily deprived of any notice that an investigation was under way which might affect the duty on that commodity.

We cannot agree with such argument or reasoning, and we think the *Foster* case, *supra*, if not on all fours with the present case is at least analogous enough to be here controlling. Paragraph 918 of said act of 1930 has definitely fixed the dutiable status of cotton handkerchiefs as cotton cloth at whatever rate or rates of duty such cotton cloth should happen to take, and regardless of the cost of manufacturing such handkerchiefs from such cotton cloth. By necessary implication and by all intents and purposes we think the provision for cotton handkerchiefs in said paragraph 918 must be regarded the same as cotton cloth under paragraphs 903 and 904 of said act, and of course in this view the *Foster* case is properly applicable. And the further provision of said paragraph 918 for additional duty of 10 per centum ad valorem on cotton handkerchiefs, when hemmed, follows in the same way as did the additional duty on cast polished plate glass, colored, provided for in paragraph 224 of the act of 1922 in the *Foster* case, *supra*.

If the contention of the plaintiff were accepted the original rates for cotton cloth in said paragraph 904 of said act of 1930 would continue to apply to cotton handkerchiefs, while the increased rates on cotton cloth under the flexible tariff provisions and the said Presidential proclamation would apply to other cotton cloth. Such contention was expressly repudiated by the court in the *Foster* case, *supra*, in the following language:

Therefore, after said proclamation became effective, there was no cast polished plate glass, unsilvered, of said dimensions, dutiable at the rate of 17½ cents per square foot, but all such glass became dutiable at the rate of 22 cents per square foot. When the proclamation became effective, the rates named therein were, in legal effect, the rates prescribed by Congress, acting through a validly delegated authority, and had the same effect as if Congress had, by direct enactment,

amended the Tariff Act of 1922 insofar as the same related to rates of duty upon cast polished plate glass, unsilvered. *Hampton, Jr. & Co.* v. *United States*, 14 Ct. Cust. Appls. 350, T. D. 42030, affirmed 276 U. S. 394; *Field* v. *Clark*, 143 U. S. 649.

*      *      *      *      *      *      *

We now come to the inquiry as to the construction of the phrase in paragraph 224, "in addition to the rates otherwise chargeable thereon." It is clear to us that the phrase means in addition to the rates that would be chargeable upon cast polished plate glass, if not colored or otherwise processed as provided in said paragraph. We do not see how any other construction is reasonably possible.

Counsel for plaintiff in their brief cite the case of *Zeiss, Inc.* v. *United States*, 23 C. C. P. A. 7, T. D. 47654, in support of their view. In that case the court held to be invalid a Presidential proclamation under section 336 of the act of 1930 increasing the duty on certain prism-binoculars for the reason that the Tariff Commission and the President included in the investigation and proclamation only certain binoculars which had not been specified in the notice of investigation. The court said in part:

Obviously, the publication of a notice of an investigation of optical instruments of a class or type *used by* the Army, Navy, or their respective Air Forces, does not suggest to interested parties the holding of an investigation relative to optical instruments *suitable to be used by* such armed forces.

Obviously the situation in the above case is not the same as in the present, as there is no provision in the act of 1930 that "optical instruments of a class or type used by the Army, Navy, or air force" should be dutiable as "prism-binoculars" under paragraph 228 (a).

Another reason advanced by plaintiff why cotton handkerchiefs cannot be comprehended under the Tariff Commission's investigation and the Presidential proclamation, is that paragraph 903 (a) of the act of 1930 provides that:

The term cotton cloth, or cloth, wherever used in this schedule, *unless otherwise specially provided for*, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth. [Italics ours.]

Inasmuch as Congress has specially provided in said paragraph 918 that cotton handkerchiefs shall be dutiable as cloth, there is not much point to the latter argument.

As we have stated hereinbefore, the dutiable status of cotton handkerchiefs under said paragraph 918 has been definitely fixed as cotton cloth, at whatever rate or rates of duty should happen to be applicable by law, and irrespective of the cost of making the handkerchiefs from such cotton cloth. And as the notice, investigation, and report of the Tariff Commission, and the proclamation of the President predicated thereon, all relate to cotton cloth, the increased rates of duty on cotton cloth proclaimed by the President necessarily apply to cotton handkerchiefs under said paragraph 918 as effectively as if specifically men-

tioned in said proclamation, etc. We do not see how any other view can reasonably be taken under the circumstances.

The protest of the plaintiff herein is therefore overruled in all respects. Judgment will be rendered accordingly.